ALSON B. COLE V. STATE OF NEBRASKA.

FILED JUNE 29, 1920. No. 21462.

1. **Criminal Law: CORAM NOBIS: PETITION.** Even if the right to a writ of error *coram nobis* exists in this state, which is not decided, a petition for the same must allege specific facts, which if known at the time the judgment was rendered, would have prevented its rendition.

2. **Petition** examined, and *held* not to state facts sufficient to warrant the district court in granting such a writ.

ERROR to the district court for Howard county: BAYARD H. PAINE, JUDGE. *Affirmed.*

*J. M. Priest,* for plaintiff in error.

*Clarence A. Davis, Attorney General,* and *Mason Wheeler, contra.*

LETTON, J.

A "petition for a writ of error *coram nobis*" was filed in the district court for Howard county on February 20, 1920, directed to Honorable Bayard H. Paine,

one of the judges of that court, setting forth a number of facts occurring at the joint trial of one Grammer and Cole, the petitioner, for murder, resulting in conviction on March 28, 1918, and sentence of death. The district court denied the relief prayed, and dismissed the case A motion for a new trial was filed after the statutory time had elapsed, and was properly overruled.

The first complaint made in the petition for the writ is that three days had not expired after conviction and before sentence. Errors of fact only are grounds for the issuance of such a writ. *State v. Calhoun,* 50 Kan. 523, 18 L. R. A. 838, note; *Fugate v. State,* 85 Miss. 94, note to 3 Am. & Eng. Ann. Cas. 328; *Asbell v. State,* 62 Kan. 209; *Hamlin v. State,* 67 Kan. 724, 2 R. C. L. 305. Notwithstanding this, we will consider all the allegations of the petition.

It is alleged that counsel then representing the petitioner, but not now acting for him, refused to file a motion for a new trial, and so informed the trial judge. There is no charge in the petition of bad faith or wrong-doing on the part of the former counsel. He doubtless believed that his client was guilty, and that when one accused of a heinous crime, confessed it in open court by a plea of guilty, and the jury, after hearing the testimony, imposed the statutory penalty, a motion for a new trial would be useless. The court did not err in pronouncing sentence.

It is next alleged that the court did not comply with section 9130, Rev. St. 1913, relative to the method of proceeding when a plea of guilty of murder is entered, and that the instructions to the jury, informing them that it was their duty under the laws of the state to determine which of the penalties, imprisonment for life, or the death penalty, should be inflicted, were erroneous. We have construed the law in these respects in the cases hereinafter mentioned, and abide by these decisions. The district court after the term cannot grant a new trial on such grounds.

It is also said that other evidence exists material to the defense of the petitioner, and that evidence in his favor was suppressed at the trial. These are mere conclusions. No facts are set forth, no witnesses named, what the alleged evidence would establish is left to the imagination, and no offer to produce testimony was made. So far as the record shows, these are baseless and unfounded allegations.

The complaint that the defendant was entitled to a new trial because not indicted by a grand jury is equally baseless. This has been decided adversely to the petitioner's contention repeatedly. *Hurtado v. California,* 110 U. S. 516; *Davis v. Burke,* 179 U. S. 399.

The facts in this case have been stated in the cases of *Grammer v. State,* 103 Neb. 325, and *Cole v. Fenton,* 103 Neb. 802, 807. Petitioner was represented at the time of his conviction by able and experienced counsel, against whose conduct nothing derogatory has been established by the attorney now acting for him. The trial court properly held that the petition did not set forth facts justifying such a writ, or a new trial of the case. '

AFFIRMED.

ALDRICH, J., not sitting.